**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RICHARD OBED MONTOYA DELGADO,** | **Civil Action No. 26-5606 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Richard Obed Montoya Delgado, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Costa Rica.  (*Id.* at 5).  He entered the United States on or about April 21, 2021 on a tourist visa.  (*Id.*).  Petitioner was detained by ICE on May 5, 2026.  (*Id.*).  This Petition followed on May 15, 2026.  (ECF No. 1).

3.      Respondents filed an answer on May 26, 2026 arguing that Petitioner is being detained pursuant to § 1226(a) and that he had not requested a bond hearing.  (ECF No. 5 at 2).

4.      Petitioner responded that "when this habeas action was filed, Petitioner was not in removal proceedings and did not have a way to request a bond hearing."  (ECF No. 7 at 1).  He further stated that he expected to file a motion for a bond hearing by May 29, 2026.  (*Id.* at 2).  He asked for release due to the conditions at Delaney Hall.  (*Id.* at 2-3).

5.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7.      "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."  *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

8.      "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...."  *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).  Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"  *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).  "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."  *Id.* at *4.

9.      "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).  Petitioner has indicated that he was in the process of seeking a bond hearing, (ECF No. 7 at 2), so this Court believes it to be prudent to permit the administrative process to continue.

10.     Accordingly, the Petition will be dismissed without prejudice.

11.     This Court declines to consider Petitioner's conditions argument as they were raised for the first time in his reply.  Nothing in this Opinion shall prevent Petitioner from filing a new petition that raises his conditions of confinement claims from the beginning.

12.     An appropriate order follows.

 

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 3, 2026